UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HANS MORALES, | CASE NO.    1:11-cv-00355-AWI-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| DARRELL ADAMS, | (ECF No. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN |
| _____ / | THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff David Hans Morales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 2, 2011.  (ECF No. 1.)  No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

///

1

1

2

3

4

**II.    SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

5

6

7

8

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion

9

10

11

12

thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

13

14

15

16

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

17

18

19

20

21

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual

allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

22

**III.    SUMMARY OF COMPLAINT**

23

24

25

Plaintiff brings this action for violations of his Eighth Amendment.  Plaintiff names

Darrell Adams as the lone Defendant.

26

Plaintiff generally complains about conditions of confinement in the Administrative

27

Segregation Unit ("ASU") at Corcoran State Prison.  Plaintiff states inmates were not issued pillows.  Clothing, linens, and other laundry items were not issued or exchanged on December 2, 9, and 16, 2009.  Plaintiff states that correctional staff ignore the needs of inmates, that clothing is ripped and torn because of overuse, and that not enough clothes are sent by clothing distribution.

On December 1, 2009, Plaintiff was assigned to a cell with a mattress that was dirty and had much of the padding removed, making it difficult for Plaintiff to sleep.  Plaintiff told floor staff, but no action was taken.

Plaintiff seeks injunctive relief, compensatory relief, and declaratory relief.

**IV.   ANALYSIS**

    **A.   Linkage**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the

deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under Section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names as the lone Defendant the Warden of CSP but fails to link him to any act or omission that would demonstrate a violation of Plaintiff's federal rights.  Plaintiff thus fails to state a cognizable claim under Section 1983.  Upon amendment, Plaintiff must link a constitutional violation to a named Defendant.

The Court also notes that Plaintiff appears to be making sweeping allegations as to the treatment of all inmates at ASU.  Plaintiff is reminded that he can only bring claims that demonstrate a violation of his own constitutional rights in this action.

**B.    Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Here Plaintiff alleges that, upon placement in ASU, his mattress was dirty and missing much of its padding. This does not state a claim under Section 1983. First, Plaintiff fails to demonstrate how this is an extreme deprivation of minimal civilized necessities. Second, Plaintiff fails to attribute this action/inaction to any named Defendant which also means that Plaintiff fails to demonstrate deliberate indifference. That Plaintiff's accommodations were less comfortable than he would have liked, is not sufficient to state a claim under the Eighth Amendment. As such, Plaintiff fails state a claim under the Eighth Amendment against any named Defendant.

**V.    CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues related to the conditions of confinement in ASU.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

\\\

6

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-355-AWI-GBC (PC); and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    August 22, 2011

UNITED STATES MAGISTRATE JUDGE

7