# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HANS MORALES,<br><br>            Plaintiff,<br><br>      vs.<br><br>DARRELL ADAMS,<br><br>            Defendant. | 1:11cv00355 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff David Hans Morales ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 2, 2011. On August 22, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to state a claim. On September 16, 2011, Plaintiff filed his First Amended Complaint. He names Warden Darrell Adams as the sole Defendant.

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on December 1, 2009, he was assigned to cell 104 in the Administrative Segregation Unit ("Ad-Seg") at Corcoran State Prison. He remained in Ad-Seg until February 1, 2010. He states that he received a "dingy" mattress that was missing much of the cotton padding on the "leg end." Plaintiff also did not receive a pillow during his time in Ad-Seg. Despite Plaintiff's requests and grievance, he was not given a new mattress or pillow.

Plaintiff further contends that on December 2, 9 and 16, 2009, he did not receive an exchange of clothing, linen or other laundry items. Whenever clothing was issued or exchanged in Ad-Seg, it was not reasonably clean and was ripped, torn, yellowish gray and stretched from overuse. When Plaintiff received linens, they were not reasonably clean. The sheets were short and did not fit on the mattress, and there were fabric balls built up on the sheets from overuse.

Plaintiff filed a grievance about these issues on December 23, 2009. He contends that Defendant Adams failed to ensure that the grievance procedure operated correctly by making sure that the Appeals Coordinator recommended corrective action. He also alleges that Defendant Adams failed to train his subordinates to be courteous and professional in their dealings with inmates during the appeal procedure.

Plaintiff alleges a violation of the Eighth Amendment based on "filthy and unsanitary bedding" and the failure to provide a pillow. He contends that his mattress made his nights "torturous and very miserable to the point he would wake up in the middle of the night and could not go back to sleep." This made his day more miserable and he felt very tired.

C.    **ANALYSIS**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981))

(quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To succeed on an Eighth Amendment conditions of confinement claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. Farmer, 511 U.S. at 834. Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9.

Here, Plaintiff fails to demonstrate that Defendant was deliberately indifferent to a substantial risk of harm to his health or safety. Plaintiff's complaints about the lack of a pillow, and the state of his mattress, clothes and linens for the two months he was in Ad-Seg do not rise to the level of an extreme deprivation. Although Plaintiff contends that he lost sleep and was tired more often, he was not deprived of life's minimal necessities.

Plaintiff also fails to establish that Defendant was deliberately indifferent. Even assuming he had demonstrated an extreme deprivation, he makes no allegations that Defendant

was aware of his situation. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.2004) (Deliberate indifference requires that the "prison official must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference.") (internal citations omitted).

To the extent that Plaintiff faults Defendant for his lack of action during the grievance procedure, this does not state a claim. Plaintiff suggests that Defendant failed to properly train prison officials involved with the appeals process and perpetuated a practice and policy of ignoring his needs, but generally, there can be no supervisory claims where there is no underlying violation. Starr v. Baca, 652 F.3d 1202, 1205-1208 (9th Cir. 2011). Moreover, the appeals process does not create any substantive rights and appeals coordinators cannot be held liable in this instance. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

## **RECOMMENDATION**

Plaintiff fails to state any cognizable claims against any Defendant. Plaintiff was previously provided leave to amend his complaint to cure the deficiencies identified. Plaintiff appears unable to state a claim and therefore further leave to amend should not be granted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written

objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **January 8, 2013**             /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE